___



**SO ORDERED,**

**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.
___

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

| | | | |
|---|---|---|---|
| **In re:** | ) | | |
| | ) | | |
| **EDWIN STEWART,** | ) | **Case No.:** | **13-11658-JDW** |
| | ) | | |
| Debtor. | ) | **Chapter** | **7** |

| | | | |
|---|---|---|---|
| **EDWIN STEWART,** | ) | | |
| | ) | | |
| Plaintiff. | ) | | |
| | ) | | |
| v. | ) | **A.P. No.:** | **15-01032-JDW** |
| | ) | | |
| **THE HAMPTON CO.** | ) | | |
| **NATIONAL SURETY, LLC and** | ) | | |
| **HAMPTON GARDNER,** | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION AND ORDER GRANTING
## <u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (A.P. DKT. # 24)</u>

This adversary proceeding is before the Court on the Motion for Summary Judgment (the "Motion")(A.P. Dkt. # 24) filed by Hampton Company National Surety, LLC and Hampton Gardner (together, the "Defendant"). The plaintiff-debtor, Edwin Stewart (the "Plaintiff"),

1

brings this adversary proceeding against the Defendant alleging a violation of the automatic stay, and the recovery of money in the form of damages, sanctions, and attorney fees.  The Motion was filed, along with the Defendants' Memorandum of Law in Support of Defendant's Motion for Summary Judgment (A.P. Dkt. # 25), on September 20, 2015.  The Plaintiff filed a response on October 8, 2015 (A.P. Dkt. # 28), along with a Brief in Support of Response to Defendant's Motion for Summary Judgment (A.P. Dkt. # 29).

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334(b) and the United States District Court for the Northern District of Mississippi's Order Of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc Dated August 6, 1984.  This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A), (C), and (O).  The Court must determine whether a legitimate criminal proceeding initiated by a creditor, regardless of motivation, falls within the exception to the automatic stay provided in 11 U.S.C. § 362(b)(1).  For the reasons set forth below, this Court finds that it does and the Defendant's Motion is due to be granted.

## I. <u>FINDINGS OF FACT</u>[1]

Defendant is a surety company and the Plaintiff was its bonding agent.  In 2009, the Defendant and Plaintiff began a business relationship whereby the Plaintiff would write bail bonds on behalf of the Defendant and they would share the bond premiums. Per their agreement, the Plaintiff would write bonds and collect premiums, remitting 30% to the Defendant and keeping 70% for himself.  The relationship soon deteriorated when the Plaintiff failed to remit payments to the Defendant.  On March 23, 2011, the Defendant filed a civil suit in Newton County Circuit Court, seeking to recover the premiums that the Plaintiff owed to it.  The civil

---

[1] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7052.

suit resulted in an agreed judgment (the "Agreed Judgment"), entered on February 14, 2013, in which the Plaintiff agreed to pay $7,633.70, in installments, to the Defendant.

After the Plaintiff failed to abide by the terms of the Agreed Judgment, the Defendant filed a suggestion for writ of garnishment in the Newton County Justice Court. When the Plaintiff learned of the garnishment, he filed a bankruptcy petition in this Court. Two days later, with knowledge that the automatic stay was in effect, the Defendant filed a criminal affidavit against the Plaintiff (the "Affidavit") for embezzlement in the Newton County Justice Court. Based on the Affidavit, the Newton County Justice Court issued a warrant for the Plaintiff's arrest. The Plaintiff was then arrested and jailed for approximately one week. The Plaintiff posted a bond of $50,000 to be released. On October 15, 2014, the district attorney declined to prosecute the embezzlement charge, as he considered it to be a civil matter.

The Plaintiff alleges that, by initiating the criminal process, the Defendant willfully violated the automatic stay and caused him irreparable injury. The Plaintiff admits that he did not remit premiums and that he owes money to the Defendant. (A.P. Dkt. # 24, Ex. F, p. 19-20, 35). In fact, the parties entered into an Agreed Judgment where the Plaintiff agreed to pay $7.633.70 to compensate the Defendant for his failure to remit the requisite premiums. (A.P. Dkt. # 28, Ex. B). On the other hand, the Defendant's representative readily admits that he filed the Affidavit because he was "trying to get [his] money." (A.P. Dkt. # 28, Ex. J, p. 26). Hence, the material facts before the Court are undisputed, and the issue to be decided is a question of law, which is appropriately decided by summary judgment.

## II. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure[2] governs the process by which a court will grant or deny a motion for summary judgment. Summary judgment is only appropriate:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

*Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552; *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). When considering a motion for summary judgment, the Court must consider all the evidentiary matters with which it is presented, including, *inter alia*, admissions in pleadings, answers to interrogatories, depositions and affidavits. *Kennett-Murry Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). The burden of proof falls on the moving party, and "all reasonable doubts as to the existence of a genuine issue of material fact 'must be resolved against the moving party.'" *Id. (*quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)). The Court must view the evidence in the light most favorable to the non-moving party. *Id.* If no genuine issue of material fact exists, the moving party is entitled to judgment as a matter of law.

## III. ANALYSIS

It is axiomatic that when a debtor files a bankruptcy petition, an automatic stay is triggered that freezes virtually all debt collection efforts. 11 U.S.C. § 362(a). For instance, Defendant's garnishment efforts were immediately stayed as well as any other civil proceedings to collect on the Agreed Judgment. Not all actions against the debtor are stayed, however.

Certain actions are excluded from the automatic stay and therefore are allowed to proceed as if the debtor had never filed bankruptcy. 11 U.S.C. § 362(b). The Defendant relies on §

---

[2] Rule 56 of the Federal Rules of Civil Procedure is made applicable to adversary proceedings in a bankruptcy case by Rule 7056 of the Federal Rules of Bankruptcy Procedure.

362(b)(1) of the Bankruptcy Code,[3] which is the exception for criminal proceedings. The pertinent part of that subsection provides that "the filing of a petition under section 301, 302, or 303 of this title . . . does not operate as a stay . . . of the commencement or continuation of a criminal action or proceeding against the debtor."[4] The plain language of this subsection contains no modifiers or qualifiers that suggest the reason for commencement or continuation of a criminal action is relevant to whether the action is stayed or not. Rather, the statute is unequivocal that criminal proceedings are not stayed.

Nevertheless, there is a split of authority on this issue. One line of cases holds that the § 362(b)(1) exception applies regardless of the purported victim's motivation in initiating the criminal prosecution. *Simonini v. Bell (In re Simonini),* 69 F. App'x 169 (4th Cir. 2003); *Gruntz v. Los Angeles (In re Gruntz),* 202 F.3d 1074 (9th Cir. 2000); *Bartel v. Walsh (In re Bartel),* 404 B.R. 584 (B.A.P. 1st Cir. 2009); *In re Dunn,* 2013 WL 1091737 (Bankr. E.D. Tenn. 2013); *In re Caravona,* 347 B.R. 259 (Bankr. N.D. Ohio 2006); *Pickett v. Quinn (In re Pickett)*, 321 B.R. 663 (Bankr. D.Vt. 2005); *Giardina v. Parnell (In re Giardina),* 2004 WL 4945988 (Bankr. E.D. La. 2004); *Taylor v. Widdowson (In re Taylor),* 16 B.R. 323 (Bankr. D.Md. 1981). A second line of cases essentially apply a "motivation test," holding that § 362(b)(1) does not apply if the criminal proceeding is commenced or continued to collect a debt. *Dovell v. Guernsey Bank (In re Dovell),* 311 B.R. 492 (Bankr. S.D. Ohio 2004); *In re Byrd,* 256 B.R. 246 (Bankr. E.D.N.C. 2000); *In re Muncie,* 240 B.R. 725 (Bankr. S.D. Ohio 1999); *Williams-Blackmon v. Kimbrell's of*

---

[3] The "Bankruptcy Code" is defined as Title 11 of the United States Code. Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. 101 – 1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

[4] The full statutory text for 11 U.S.C. § 362(b)(1) is as follows: "The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay—
    (1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor;"

5

*Sanford, N.C., Inc.,* 145 B.R. 18, 21 (Bankr. N.D. Ohio 1992); *Padgett v. Latham (In re Padgett),* 37 B.R. 280, 284 (Bankr. W.D. Ky. 1983).

**A.     Plain Language**

The Court begins its analysis of the statute where all such inquires begin: "the language of the statute itself." *U.S. v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241 (1989). And, as was the case in *Ron Pair*, the language of the statue is "also where the inquiry should end, for where, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *Id.* (citing *Caminetti v. United States,* 242 U.S. 470, 485 (1917)). Section 362(b)(1) is "clear, plain, unambiguous, and unequivocal." *Bartel* 404 B.R. at 590. It states that "the commencement or continuation of a criminal action or proceeding against the debtor" will not be stayed by the filing of a bankruptcy petition. 11 U.S.C. § 362(b). No motivation or purpose test is included in the exception.

The Bankruptcy Code must be interpreted predictably by using well-established principles of statutory construction. *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 132 S. Ct. 2065, 2073 (2012). As a result, the Court cannot "rewrite a statute under the pretense of interpreting it." *U.S. v. LSL Biotechnologies*, 379 F.3d 672, 679 (9th Cir. 2004). As the Supreme Court has noted, "the question...is not what Congress 'would have wanted' but what Congress enacted..." *Rep. of Argentina v. Weltover, Inc.*, 504 U.S. 607, 617 (1992). Applying the Supreme Court's guidance on statutory interpretation, the plain language of § 362(b)(1) excludes all legitimate criminal proceedings from the automatic stay.

**B.      Precedent from the Circuit Courts**

*1. Circuit Court Decisions on Point*

The Court of Appeals for the Fifth Circuit has not addressed this particular issue; however, the circuit courts that have taken up the issue agree that prosecutorial purpose is not an element under § 362(b)(1). The Courts of Appeals for the Ninth Circuit and the Fourth Circuit have each held that the stay does not apply to any criminal proceedings, regardless of intent. *Gruntz v. Los Angeles (In re Gruntz),* 202 F.3d 1074 (9th Cir. 2000); *Simonini v. Bell* (*In re Simonini),* 69 F. App'x 169 (4th Cir. 2003).

When the Ninth Circuit considered the criminal action exception, it started by laying the foundation for its decision. *Gruntz,* 202 F.3d at 1084. The court recognized the "fundamental policy against federal interference with state criminal prosecutions," and the necessity of the slogan, "Our Federalism," which "occupies a highly important place in our Nation's history and its future." *Id.* (quoting *Younger v. Harris,* 401 U.S. 37, 46 (1971)). The Ninth Circuit found that, "[q]uite simply," the Bankruptcy Code does not prescribe "any exception for prosecutorial purpose or bad faith." *Id.* at 1085. As a result, the court determined that the only appropriate action was to enforce § 362(b)(1) "according to its terms." *Id.* The court went on to list several policy reasons that justify the plain language—the most compelling being that "this is not a chronicle of creditor and debtor, but of crime and punishment." *Id.* at 1087.

The Fourth Circuit also began and ended its analysis by looking to the plain language of the statute. *Simonini,* 69 F. App'x at 171. Because of the "clear language of § 362(b)," the court held that it would be improper to disregard the clear language in order to interfere with a state criminal proceeding. *Id.* As a result, both circuit courts that have decided this issue have

decided that the language is clear and unambiguous: no "motivation test" is included in § 362(b)(1).

### 2. Related Fifth Circuit Decisions

While the Court of Appeals for the Fifth Circuit has not ruled on this particular issue, it has provided several opinions that suggest that no motivation test should be imputed. The Fifth Circuit has ruled on at least three occasions on whether a bankruptcy court should enjoin a state criminal action—an analogous issue to the one before this Court. *U.S. v. Pepper,* 51 F.3d 469 (5th Cir. 1995); *Fussell v. Price (In re Fussell),* 928 F.2d 712 (5th Cir. 1991); *U.S. v. Carson,* 669 F.2d 216 (5th Cir. 1982). Throughout these opinions, the Fifth Circuit has established a strong policy against enjoining criminal prosecution.

In *Fussell*, the Fifth Circuit considered "whether a bankruptcy court should enjoin a state criminal prosecution premised on a debt owed by a bankrupt." *Fussell,* 928 F.2d at 715. Similar to the framing in *Gruntz*, the Fifth Circuit first recognized that "it is beyond dispute that considerations of comity and equity militate against lightly enjoining a state criminal prosecution." *Id.* The Fifth Circuit then held that a rigid, two-part test (known as the "*Milner* framework") should be used to determine whether a federal court may enjoin a state criminal prosecution.[5] *Id.* After deciding that the debtor's complaint fell short of the "strict requirements for the injunction," the Fifth Circuit cited several reasons for its decision. One reason was that the Fifth Circuit has "squarely held that a bankrupt 'has no federal right to prevent the [state] courts from requiring him to repay debts that are the subject of his bankruptcy proceedings.'" *Id.* at 716 (citing *McDonald v. Burrows,* 731 F.2d 294, 299 (5th Cir. 1984)). Another reason was that the alleged "bad-faith prosecution" was not as straightforward as the debtor contended. *Id.*

---

[5] The *Milner* framework requires that: (1) the a federal court order enjoining a state criminal prosecution must satisfy the *Younger v. Harris* test, and (2) "that the [injunction] order fall within the scope of one of the exceptions enumerated in the Anti-Injunction Act, 28 U.S.C. § 2283." *Fussell,* 928 F.2d at 715.

Often, the "coerciveness of 'bad faith' [a debtor] complains of are inherent in a statute punishing economic crime between non-stranger parties." *Id.* at 717. A district attorney may have multiple motives in prosecuting a crime: one motive might be the societal interest, while at the same time, another motive might be the interest in making the victim whole. *Id.* The Fifth Circuit concluded its opinion with the following:

> "If any clear principle emerges from our decision, it is that a prosecutor's restitutionary motives are not in themselves evil. More is required to secure the intervention of a federal court in state criminal proceedings."

*Id.*

Though *Fussell* dealt with a peripheral issue to the one before this Court, the principles established therein are helpful. In the same vein, the Fifth Circuit has held that it does not "believe that a bankruptcy discharge has any effect on [a] district court's power to order restitution in a criminal case." *Pepper,* 51 F.3d at 473. And further, that "bankruptcy discharge does nothing to relieve the loss suffered by the victims of [the debtor]." *Id.* at 474.

The foregoing statements all exemplify why Congress included § 362(b)(1) in the Bankruptcy Code, and further, these statements shed light on how the Fifth Circuit would likely view that provision. As such, this Court holds that the statutory text of § 362(b)(1) is clear and is also the most compatible with Fifth Circuit precedent in that it guards against unnecessary intervention with state criminal proceedings.

*3. Scope of the Automatic Stay Distinguished from the Court's Injunctive Power*

It is important to distinguish between the scope of the automatic stay under § 362 and a bankruptcy court's injunction power under § 105, a difference that is particularly relevant in this case. The Plaintiff has cited several cases for the proposition that motivation is a factor the Court should consider when examining § 362(b)(1); however, several of these cases are framed in a

9

different context than the one before this Court. (A.P. Dkt. # 29). The question this Court has been tasked with answering is whether the exception to the automatic stay for criminal proceedings applies regardless of motivation. Most of the opinions cited by the Plaintiff were addressing the bankruptcy court's power under § 105 to enjoin a state criminal proceeding. *Alan I.W. Frank Corp. v. P.M.A., Inc. (In re Alan I.W. Frank Corp.),* 19 B.R. 41, 44 (Bankr. E.D. Pa. 1982) (holding that "the court should examine both the motive of the prosecuting creditor…and the resulting effect which the criminal prosecution has on the administration of the estate and the furtherance of the purposes of the Bankruptcy Code"); *In re Strassmann,* 18 B.R. 346 (Bankr. E.D. Pa. 1982); *In re Daulton,* 966 F.2d 1025, 1028 (6th Cir. 1992); *In re Williams,* 438 B.R. 679, 687 (B.A.P. 10th Cir. 2010); *Ohio Waste Services Inc. v. Fra-Mar Tire Services, Inc.,* 23 B.R. 59, 60 (Bankr. S.D. Ohio 1982).

The Plaintiff has alleged a violation of the stay and asks the Court to award him damages. The criminal action initiated against the Plaintiff was not prosecuted and, thus, there is no proceeding to enjoin. (A.P. Dkt. # 28, Ex. I). Because the Court's injunction power is not at issue here, the scope of the automatic stay is the only issue before this Court. With regard to the scope of the automatic stay, the language in § 362(b)(1) unambiguously excludes all legitimate criminal actions or proceedings from its reach.

C. **A Limited Caveat**

Courts that impute a motivation test to § 362(b)(1) generally do so to protect the debtor from back-door debt collection efforts. Although this Court rejects the motivation test, the reasoning behind the motivation test supports an important, but limited, caveat to today's holding.

Congress intended the automatic stay to be "extremely broad in scope." *Midlantic Nat'l Bank v. N.J. Dept. of Envtl.. Prot.,* 474 U.S. 494, 504 (1986). Alternatively, exceptions to the automatic stay are to be narrowly construed. *Reedsburg Util. Comm'n v. Grede Foundries, Inc. (In re Grede Foundries),* 651 F.3d 786, 790 (7th Cir. 2011)*; In re Stringer,* 847 F.2d 549, 552 (9th Cir. 1988). As a result, a creditor that brings completely baseless criminal allegations against a debtor in an attempt to coerce payment or exact revenge may not fall under the narrowly tailored exception found in § 362(b)(1). For then the initiation of a criminal prosecution is not "the commencement or continuation of a criminal action" contemplated by § 362(b)(1), but instead it is an "abuse of process." *See* 11 U.S.C. § 105(a).

For example, a creditor's allegation of armed robbery when it is clear that all that exists is a simple breach of contract is clearly improper. A creditor cannot use § 362(b)(1) as a shield for its own fraud. *See Weary v. Poteat,* 2015 WL 5712191, at *2 (6th Cir. Sept. 30, 2015)(finding that a creditor's action did not fall under § 362(b)(1) because it was not a legitimate attempt to pursue criminal charges, but rather a "thinly veiled attempt to coerce payment of the debt"). A creditor that seeks to harass the debtor through groundless criminal allegations may be subject to damages, both in this Court and the state courts. But those are not the facts before the Court at this time.

The criminal action initiated by the Defendant was not a bogus claim used to recover on the debt. The embezzlement claim had merit, as evidenced by the Agreed Judgment between the Defendant and the Plaintiff and also the deposition testimony of the Plaintiff. (A.P. Dkt. # 28, Ex. B)(A.P. Dkt. # 24, Ex. F at 19-21, 35). And, importantly, the claim against the Plaintiff was more than a simple breach of contract or the recovery of a debt: the claim against the Plaintiff was a legitimate allegation of embezzlement. Both parties agree that the Plaintiff did in fact hold

11

money on behalf of the Defendant and failed to remit the money as he was required to do. *Id.* Therefore, the Defendant did not submit the Affidavit to the Newton County Justice Court as a mere scare or extortionate tactic. The Defendant's criminal allegation was raised in good faith and, although the district attorney declined to prosecute, the Defendant had a reasonable expectation of prosecution. For these reasons, the criminal proceeding properly fell within § 362(b)(1) and did not violate the automatic stay.

## IV. <u>CONCLUSION</u>

From the plain language of § 362(b)(1) and the interpretation provided by the circuit courts, it is not necessary to determine the motive behind criminal proceedings. The criminal action exception to the automatic stay should be applied according to its terms, which does not include a particular motive requirement. Furthermore, the Fifth Circuit's guidance on a bankruptcy court's injunctive power buttress this conclusion.

The Defendant did not violate the stay by filing the Affidavit with the Newton County Justice Court, which triggered the arrest of the Plaintiff and other repercussions. Therefore, even when viewing the facts in the light most favorable to the Plaintiff, the Defendant's actions were not a violation of the automatic stay, and summary judgment for the Defendant is appropriate. Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that the Defendant's Motion (A.P. Dkt. # 24) is **GRANTED**.

##END OF ORDER##